JOHN BELANOWITZ, DEFENDANT-APPELLANT, v. TRAV-ELERS INSURANCE COMPANY, PROSECUTOR-RE-SPONDENT.

Submitted May 31, 1940—Decided October 10, 1940.

302

For the defendant-appellant, *David Roskein* and *Walter X. Trumbull.*

For the prosecutor-respondent, *James J. Skeffington.*

The opinion of the court was delivered by

Donges, J. These appeals bring up a judgment of the Supreme Court entered on cross writs of *certiorari* in a workman's compensation case. The Supreme Court reversed a judgment of the Essex County Court of Common Pleas awarding the appellant compensation for 100 per cent. of total permanent disability growing out of an occupational disease. The proceeding now under review was instituted under *R. S.* 34:15-82, *ei seq.,* against the respondent insurance company and the dispute is as to whether or not the policy of insurance issued by respondent, which expired October 1st, 1933, covered the loss.

The facts appear to be that the appellant was employed by the A. Fishman Hat Co. and contracted the occupational disease of mercurial poisoning, or "hatters' shakes." He filed a petition for compensation with the bureau, although such petition is not contained in the record nor is its filing date stated. The matter came on for hearing on June 4th, 1934, before a deputy commissioner. It appears from the colloquy of counsel at the commencement of this hearing that the respondent here, Travelers Insurance Co., had had notice of the claim for compensation, had disclaimed liability under its policy and did not appear at or take part in the hearing. The opinion of the Supreme Court expresses the view that this proceeding in the bureau was one by consent, but we

think the record does not support this holding in view of the statement by counsel for the Hat Company that he could not enter into a consent judgment because of danger of prejudicing any claim the Hat Company might have against the Travelers Insurance Company. Many of the facts, however, were stipulated. Testimony was taken and an award made.

In his determination of facts and rule for judgment the deputy commissioner found that appellant had contracted mercury poisoning and was entitled to compensation for permanent disability to the extent of twenty-five per cent. of total. He further said:

"4. I do find that the disability, as the result of his contraction of the occupational disease of mercury poisoning commenced on or about the month of June, 1933, but even though he was disabled from that time until November 3d, 1933, when he finished, and beyond that up until November 21st, 1933, that inasmuch as he was employed during this period of time and paid his wages [piece work earnings] he is not entitled to any temporary compensation for that period of time. For temporary disability the petitioner will therefore be paid 1-4/7 weeks at $15.40 a week, amounting to $24.20, the petitioner having been compensably temporarily disabled for less than seven weeks, the waiting period of seven days under the statute is deducted."

The award, both for temporary disability and for partial permanent disability, was paid in full not by the Travelers Insurance Co. but by the employer, A. Fishman Hat Co., and after it was paid in full, it seems to be agreed, that company was adjudged bankrupt.

More than four years later appellant filed a petition alleging that his disability had increased and seeking an increase in his compensation award. On January 17th, 1939, a deputy commissioner, other than the one who made the first award, made a determination that appellant was 100 per cent. totally and permanently disabled. This determination recites that the hearing was *ex parte,* there being no appearance on behalf of the A. Fishman Hat Co. The insurance company was not a party to this proceeding, nor was it given any notice of it

or given notice that appellant would seek to enforce against it any award made. The deputy commissioner in his determination of facts and rule for judgment held:

"I further find as a fact that by reason of such mercurial poisoning contracted by the petitioner, in the respondent's employ, he became disabled therefrom, during the week ending June 12th, 1933. The contraction of the said mercurial poisoning while in the respondent's employ, caused the petitioner to become disabled and prevented him from carrying on his work as a hat sizer at the respondent's plant for four days during the week ending June 12th, 1933; he was disabled for four days during the week ending June 19th, 1933; and during the week ending June 24th, 1933, he was disabled for three days during the usual working week. Subsequent to the week ending June 24th, 1933, at the solicitation of his superior, he returned to work because the plant was quite busy. However, he was unable to put in a full eight hours work and invariably he ceased working after six or seven hours because of his disability due to the mercurial poisoning which he had contracted. Petitioner worked in the manner heretofore outlined, from the week ending June 24th, 1933, until November 3d, 1933, at which time he ceased work completely."

And further:

"On the basis of all the evidence adduced before me at this hearing, I find as a fact that the petitioner was employed by the respondent and contracted mercurial poisoning by reason of his exposure to a solution containing mercury, and became disabled therefrom during the week of June 12th, 1933, which time I fix as the commencement of his disability."

The date of June 12th, 1933, thus fixed as the commencement of disability was, of course, within the period when the Travelers Insurance Co. policy was in effect.

On February 18th, 1939, appellant filed a petition in the Essex County Court of Common Pleas alleging the facts above outlined and alleging that he was totally and permanently disabled, that his disability commenced on June 12th, 1933, when the respondent's policy of insurance was in effect, and praying that respondent be ordered to show cause why it

should not pay the compensation awarded and due him under the determination of the bureau dated January 17th, 1939. An order to show cause issued.

The pertinent sections of the statute provide (*R. S.* 34:15-82), that the insurance carrier shall be directly liable to the injured employe in the event of death, insolvency or bankruptcy of the employer; *R. S.* 34:15-83, that all such policies shall be for the benefit of the employes; *R. S.* 34:15-84, that the injured employe may enforce the provisions of the policy by joining the insurance carrier with the employer in his petition filed for the purpose of enforcing his claim for compensation, or by subsequent application to the Court of Common Pleas, upon failure of the employer to make adequate and continuous compensation payments; *R. S.* 34:15-85, that every policy shall provide or be construed to provide that, as between the employe and the insurance carrier, notice to or knowledge on the part of the employer shall be notice to or knowledge on the part of the carrier; and *R. S.* 34:15-86, that every such policy shall provide, or be construed to provide, that upon the death, insolvency or bankruptcy of the employer the carrier shall be directly liable for all compensation due any injured employe by virtue of a prior award or that may thereafter become due during the period for which premiums have been paid by the employer.

The Common Pleas Court granted appellant the relief sought, holding that a functional disability resulted in June, 1933, even though appellant was not in fact disabled so as to be unable to work, and that this was the disability for which the award was made, it having increased from twenty-five per cent. of total to 100 per cent., and the liability arose during the coverage of the Travelers Insurance Co. He further held, on the procedural aspect of the case, that the carrier had no standing to complain that it was not a party to the compensation cause and had had no hearing on the question of its liability because, under the statute above mentioned, *R. S.* 34:15-85, the "employer is created practically as the carrier's statutory agent for the service of process, nay, more, that proceedings against the employer are practically proceedings against the carrier."

On *certiorari* the Supreme Court reversed, 123 *N. J. L.* 574; 10 *Atl. Rep.* (*2d*) 178, holding that the procedure adopted, which resulted in subjecting the insurance carrier to liability upon a new finding by the bureau, without notice and hearing, deprived the carrier of due process of law; and further, that there can be no compensation for a functional disability which does not result in inability to work, because the time fixed for the commencement of the award is when the disease results in incapacity or death.

We are of the opinion that the procedure followed in this case to impose liability upon the insurance carrier cannot be approved. The purpose of the sections of the statute here involved is to protect the injured employe in case the employer fails to pay an award duly made. The language of section 86 is that the policy shall be construed to provide that upon insolvency or bankruptcy "the insurance carrier shall immediately become *directly* liable for all compensation payments due any injured employe or his dependents by virtue of prior agreement or award until completion thereof, or that may thereafter become due during the period for which the requisite premiums have been paid by the employer." "Directly liable" must mean, we think, that proceedings taken after bankruptcy of the employer must be directly against the insurance carrier. The record in the instant case is barren of details as to the bankruptcy of the A. Fishman Hat Co. It seems to be conceded that bankruptcy occurred after the first award was paid in full and before the proceeding to obtain an increased award was commenced. At the time of the bankruptcy, therefore, there was no prior award which had not been paid until completion. A further proceeding was necessary to obtain a new award. Whether or not any effort was made to bring the employer, or its trustee in bankruptcy, into the proceeding does not appear. It does appear that the corporation employer was not represented at the hearing and that the insurance carrier was not brought in, nor was any attempt made to bring it in. There was no direct action against the carrier. The effort apparently was to get a judgment record in the bureau which would be *res judicata* and free from collateral attack on the subsequent proceeding against the insurance carrier.

The propriety of making an insurance carrier party to the compensation proceeding has been established. *Brown* v. *Conover,* 116 *N. J. L.* 184. It is authorized by the statute. *R. S.* 34:15-84.

In *American Mutual Liability Insurance Co.* v. *Chodosh,* 123 *N. J. L.* 81; *affirmed,* 124 *Id.* 561, a petition was filed in the Court of Common Pleas to compel an insurance carrier to pay an award against an employer found in the bureau. The insurance carrier disclaimed liability under its policy on the ground that the policy did not cover the operation or work being performed at the time the accident occurred. It was held that the determination of the bureau was *res judicata* as to the liability of the employer but not of the insurance carrier. The question of the coverage of the policy being one not within the jurisdiction of the Workmen's Compensation Bureau, that question was litigated and determined in the Common Pleas and Supreme Court on *certiorari*. In the present case the decisive question is the time when compensable disability occurred, and that is one that is within the jurisdiction of the bureau. It has not been determined there in any proceeding to which the respondent here was a party.

The present proceeding, instituted by the filing of a petition such as was filed in the Common Pleas, was not one in which relief could be given against the carrier as on a new hearing on the merits. This was not the proceeding nor the court in which it could be determined what compensation appellant was entitled to or when it became due. That must be determined, in the first instant, in the bureau. The jurisdiction of the Common Pleas under such a petition is to enforce, in a proper case, a valid and subsisting judgment theretofore entered in the bureau. The judgment sought to be enforced in this case was not valid against the carrier.

It was the second determination of the bureau that appellant sought to enforce against respondent by its petition to the Common Pleas. When that determination was entered, the employer had been adjudged bankrupt and the right of the appellant was to proceed directly against the insurance carrier. It was his duty to bring in the carrier as a party.

We think, under the statute relied upon, it was the right of the insurance carrier to be brought in and given a hearing upon any question affecting its liability that it chose to raise. To hold otherwise would render the statute void as in contravention of the constitutional rights of the respondent. The reasoning of *O'Banner* v. *Pendlebury*, 107 *N. J. L.* 245, would work this result. There, in dealing with that section of the Compensation act which makes a general contractor liable for the payment of compensation to injured workmen of a subcontractor when the subcontractor fails to carry insurance, this court held that, unless the section be construed as giving the general contractor the right to be heard as a party to the compensation case, it was unconstitutional. The court construed the section as giving such a right to hearing and therefore constitutional. So here, we are of the opinion that, unless the insurance carrier, which takes the position that its contract does not cover the risk, is given a hearing in the compensation case which attempts to adjudicate facts which settle its liability, it is deprived of its rights. The proceeding must be "direct" and in order to have a direct proceeding the insurance carrier was entitled to be made a party and have its day in court.

We conclude, therefore, that the proceeding was defective; that after the bankruptcy of the employer, the insurance carrier alleged to be liable was entitled to have the next step in the cause taken directly against it; and that any proceeding taken which was not directly against the insurance carrier was not effective to bind it in any way.

This leads to an affirmance of the judgment, and makes it unnecessary to consider the other points raised.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, DONGES, HEHER, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 11.

*For reversal*—None.